IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA TOBEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) Circuit Court of St. Louis County |
| BRIDGESTONE RETAIL | ) No. 11SL-CC003397 |
| OPERATIONS, LLC, d/b/a | ) |
| FIRESTONE COMPLETE AUTO CARE, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Bridgestone Retail Operations, LLC, d/b/a Firestone Complete Auto Care ("Bridgestone Retail"), hereby removes this putative class action to the United States District Court for the Eastern District of Missouri. As grounds for removal, Bridgestone Retail states as follows:

1.      On or about August 23, 2011, Plaintiff Patricia Toben commenced this action by filing a petition (the "Petition") against Bridgestone Retail in the Circuit Court of St. Louis County, Missouri, captioned *Patricia Toben v. Bridgestone Retail Operations, LLC, d/b/a Firestone Complete Auto Care*, Case No. 11SL-CC003397.

2.      In the Petition, Plaintiff seeks to represent a class consisting of "[a]ll Missouri citizens who were charged a Shop Supplies Fee by Defendant at any of Defendant's stores in Missouri." (Petition, "Class Action Allegations," ¶ 18.)[1]

---

[1] Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a true and correct copy of the Petition is attached as Exhibit A, together with a copy of all process, pleadings and orders served upon Bridgestone Retail in this action.

3.       The Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Bridgestone Retail has the right to remove the action on the grounds set forth below.

**Removal to this Court is Proper Under the Class Action Fairness Act**

4.       Bridgestone Retail operates a chain of auto maintenance and repair facilities. Plaintiff brings this action on behalf of herself and a putative class of Missouri citizens who were charged shop supply fees at Bridgestone Retail stores in Missouri. (Petition, "General Allegations," ¶¶ 1, 18.) Plaintiff alleges that the shop supply fees were "not advertised as part of the price of specific services provided to customers." (*Id*. ¶ 3.) Plaintiff contends that by charging those fees, Bridgestone Retail committed an unfair or deceptive practice. (*Id*., Count I, ¶ 30.)

5.       Bridgestone Retail invokes CAFA, 28 U.S.C. §§ 1332(d) and 1453, to remove this action to federal court. CAFA provides that a district court has original jurisdiction over a putative class action with at least 100 plaintiffs, which involves an amount in controversy in excess of $5,000,000, and in which minimal diversity exists between the defendant and at least one plaintiff. 28 U.S.C. §§ 1332(d)(2), (d)(5). As explained below, this action meets CAFA's requirements and is the type of sizeable and substantial action that Congress intended to be in federal court. *See Bell v. Hershey Co*., 557 F.3d 953, 957 (8th Cir. 2009) ("A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits.").

6.       Bridgestone Retail was served with the Petition on September 21, 2011. Bridgestone Retail has filed this Notice of Removal within thirty days after service of the Petition, and thus removal is timely under 28 U.S.C. § 1446(b).

7. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the Circuit Court of St. Louis County, Missouri is located within the geographic boundaries of the United States District Court for the Eastern District of Missouri. 28 U.S.C. § 105(a).

8. This action does not fall within any of the exceptions to CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4), (d)(9).

9. In accordance with 28 U.S.C. § 1446(d), Bridgestone Retail will promptly file a copy of this Notice of Removal with the Circuit Court of St. Louis County, Missouri. Bridgestone Retail has served a copy of this Notice on all parties.

### Minimal Diversity

10. CAFA significantly expanded federal diversity jurisdiction, eliminating the requirement of complete diversity. CAFA requires only that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

11. Plaintiff Toben is a citizen of Missouri. (Petition, "Parties," ¶ 1.) The Petition seeks certification of a class limited to Missouri citizens. (*Id.*, "Class Action Allegations," ¶ 18.)

12. Under CAFA, a limited liability company is considered to be a citizen of the state under whose laws it is organized and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010). Bridgestone Retail Operations, LLC is organized under the laws of Delaware and has its principal place of business in Illinois. (*See* Declaration of Craig White ("White Decl."), incorporated herein by reference, ¶ 2.) Therefore, Defendant and Plaintiff are citizens of different states.

13. Accordingly, diversity of citizenship exists between Defendant and a member of the putative class.

**Amount in Controversy**

14. As the party seeking removal, Defendant accepts the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Bell*, 557 F.3d at 957-58. "[T]he amount in controversy is determined by the value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008).

15. Bridgestone Retail vigorously denies the allegations of wrongful conduct and will file at an appropriate time a dispositive motion entitling it to judgment as a matter of law. For purposes of establishing the amount in controversy, however, Bridgestone Retail is entitled to rely upon the allegations of the Petition, which seek to impose substantial potential liability. A defendant may expressly deny that the plaintiff is entitled to any relief while relying for the amount in controversy upon "an examination of the relief requested in the complaint." *City of University City, Mo. v. AT & T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 934 (E.D. Mo. 2002) (*citing Bishop Clarkson Mem'l Hosp. v. Reserve Life Ins. Co.*, 350 F.2d 1006, 1008 (8th Cir. 1965)).

16. The Petition purports to bring a claim under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010, *et seq*., as well as a claim for money had and received. Plaintiff seeks compensatory damages (including a full refund of the amount of the shop supply fees), restitution, and attorneys' fees and costs. Although the Petition does not expressly state a cut-off date for the putative class, the statute of limitation for claims under the MMPA and for money had and received is five years. *Boulds v. Chase Auto Fin. Corp.*, 266 S.W.3d 847, 851 (Mo. Ct. App. E.D. 2008) (MMPA); *Carpenter v. Countrywide Home Loans, Inc.*, 250 S.W.3d 697, 703 n.5 (Mo. 2008) (money had and received). Thus, to determine the

amount in controversy, it is necessary to aggregate the shop supply fees received by Bridgestone Retail stores located in Missouri. *See* 28 U.S.C. § 1332(d)(6).

17. Bridgestone Retail maintains a database containing information on customer transactions involving its retail facilities. (White Decl. ¶ 3.) Using this database, Bridgestone Retail has determined that from August 23, 2006 to the present, Bridgestone Retail stores located in Missouri received in excess of $5,000,000 in shop supply fees. (*Id.* ¶ 5.)

18. In addition to Plaintiff's claims for compensatory damages and restitution, the MMPA grants the Court discretion to award punitive damages. Mo. Rev. Stat. § 407.025.1. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). The possibility of punitive damages pushes the amount in controversy even further above $5,000,000.

19. Thus, the amount in controversy satisfies the requirement of 28 U.S.C. § 1332(d)(2).

### Size of the Putative Class

20. CAFA requires that the putative class consist of at least 100 members. 28 U.S.C. § 1332(d)(5). Between August 23, 2006 and the present, more than 100 Missouri residents were charged shop supply fees at Missouri Bridgestone Retail stores. (White Decl. ¶ 4.)

### Conclusion

21. Accordingly, this matter is properly removed to federal court pursuant to 28 U.S.C. §§ 1332(d) and 1453.

WHEREFORE, Defendant Bridgestone Retail Operations, LLC respectfully requests: that this cause be removed from the Circuit Court of St. Louis County, Missouri; that this Court

exercise jurisdiction over this matter; and that this Court grant Bridgestone Retail Operations, LLC all other appropriate relief.

Dated: October 21, 2011                    Respectfully submitted,

                                    By: /s/ Kurt A. Schmid
Joseph R. Swift #32741
Kurt A. Schmid #51179
BROWN & JAMES PC
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
Tel.:   (314) 421-3400
Fax:   (314) 421-3128

and

Colin P. Smith (*pro hac vice* motion pending)
Martin G. Durkin, Jr. (*pro hac vice* motion pending)
Jerry Kokolis (*pro hac vice* motion pending)
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Floor
Chicago, Illinois 60603
Tel.:   (312) 263-3600
Fax:   (312) 578-6666

*Attorneys for Bridgestone Retail Operations, LLC*

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this **Notice of Removal** was served on:

        John E. Campbell, Esq.
        Erich V. Vieth, Esq.
        Ryan A. Keane, Esq.
        THE SIMON LAW FIRM, P.C.
        800 Market Street, Suite 1700
        St. Louis, Missouri 63101

via U.S. Mail, postage prepaid, this 21st day of October 2011.

                                    By: /s/ Kurt A. Schmid

9568812