UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA TOBEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1834 (CEJ) |
| ) | |
| BRIDGESTONE RETAIL OPERATIONS ) | |
| LLC, d/b/a FIRESTONE COMPLETE AUTO ) | |
| CARE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion and the issues are fully briefed.

**I. Background**

In the amended complaint, plaintiff alleges that she was charged a "shop supply fee" that was added to the amount defendant charged for repairing her vehicle. Plaintiff alleges that the fee was charged solely for the purpose of generating profit for the defendant, as no service or parts were provided in exchange for the fee and the fee was not "tailored to the cost of supplies used in the repair or services provided to Plaintiff." [Doc. # 12, p. 3]. Plaintiff alleges that the defendant committed an unfair and deceptive practice by charging a "shop supply" fee that was not associated to shop supplies and by using a vague term to describe the fee. On November 2, 2011, plaintiff, individually and on behalf of a class, filed an amended complaint against the defendant asserting violation of the Missouri Merchandising Practices Act, Mo. Stat. Rev. § 407.025, (MMPA)(Count I) and money had and received (Count II). Defendant

seeks to dismiss plaintiffs' complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6).

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002);  Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations");  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Id.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974;  see also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.").  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## III. Discussion

Defendant argues that plaintiffs' complaint fails to state a claim for relief.  To establish a claim under the MMPA, plaintiffs must allege that they (1) leased or purchased a product or service sold or advertised by the defendant; (2) primarily for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020.

Mo.Rev.Stat. § 407.025; Chochorowski v. Home Depot U.S.A., Inc., 295 S.W.3d 194, 197–98 (Mo. Ct. App.2009).  With respect to the fourth element, plaintiff must allege that the defendant "used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with the purchase of the product or service at issue."  Scanio v. Zale Delaware Inc., 2012 WL 368741, at *2 (E.D. Mo. Feb 3, 2012).  Allegations of fraud or mistake under the MMPA must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Id.; Khaliki v. Helzberg Diamond Shops, Inc., 2011 WL 1326660, at *2 (W.D. Mo. April 6, 2011)(holding that the plaintiff must plead the elements of her MMPA claim with sufficient particularity under Rule 9(b)).

Rule 9(b) requires that fraud or mistake claims be pled "with particularity the circumstances."  This rule is to be interpreted "in harmony with the principles of notice pleading, and to satisfy it, the complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009).  Simply put, the complaint must plead the who, what, where, when, and how of the alleged fraud.  Id.

The Court finds that the amended complaint satisfies the heightened pleading requirements of Rule 9(b).[1]  Plaintiff alleges that in 2007 she received services to her vehicle at the defendant's facility in Manchester, Missouri.  She alleges that the defendant charged her a "shop supply" fee which was not related to any supplies or services provided by defendant.  Plaintiff also alleges that the defendant disguised the "shop supply" fee as a legitimate charge for providing supplies to its customers when in fact the fee is the defendant's profit.  The Court finds that these allegations

---

[1] The Court considers the purchase agreement attached as an exhibit to be part of the amended complaint.

sufficiently state the who, what, when, where, and how of defendant's fraudulent conduct.  Therefore, Count I will not be dismissed.

Furthermore, plaintiff has properly pled Count II under Rule 8(c).  To state a claim for money had and received, plaintiff must allege that (1) the defendant received or obtained possession of the plaintiff's money, (2) the defendant thereby appreciated a benefit, and (3) the defendant's acceptance and retention of the benefit was unjust. Catapult Learning, LLC v. Board of Educ. of St. Louis, 2008 WL 1349646, at *2 (E.D. Mo. April 8, 2008).  Here, plaintiff alleges that the defendant received her money, appreciated a benefit from her payment, and that defendant's retention of the money was unjust in that the fee was misrepresented to plaintiff.  Count II will also not be dismissed.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss the amended complaint [Doc. #18] is **denied**.

IT IS FURTHER ORDERED that defendant's motion to dismiss the original complaint [Doc. #9] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2012.