UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA TOBEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1834 (CEJ) |
| ) | |
| BRIDGESTONE RETAIL OPERATIONS, ) | |
| LLC., d/b/a FIRESTONE COMPLETE ) | |
| AUTO CARE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Patricia Toben to compel discovery. Defendant Bridgestone Retail Operations, LLC. has filed a memorandum in opposition, and the issues have been fully briefed.

Plaintiff brings this action asserting a claim of violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.025, and a claim of money had and received. Plaintiff alleges that defendant committed an unfair or deceptive practice by charging customers a "shop supplies fee" unrelated to the actual supplies provided. She seeks certification of a class consisting of all Missouri citizens who were charged a "shop supplies fee" by defendant at any of defendant's stores in Missouri.

The parties are engaged in discovery relating to the issue of class certification. On October 10, 2012, plaintiff propounded interrogatories and requests for production on defendant, seeking information and documents relating to the cost of supplies considered to be "shop supplies," the revenue from the shop supplies fee, and the profit generated from that fee. Defendant has objected to these requests. Plaintiff now moves for this Court to overrule defendant's objections to three of plaintiff's interrogatories and three of plaintiff's request to produce. Furthermore, plaintiff

requests that the Court issue an order requiring defendant produce supplemental discovery in an organized format.

### Interrogatories 13, 14, and 19

Interrogatory 13 asks defendant to state the aggregate amount of money collected annually in the form of the fee. Interrogatory 14 asks defendant to state the aggregate costs incurred by defendant annually for materials for which the fee was charged. Interrogatory 19 requests that defendant describe any records in its possession from which one could determine the extent to which shop supplies were actually used during specific vehicle repairs or services, and the cost of the supplies used. All interrogatories are limited in scope to the discovery time period and the state of Missouri.

Defendant objects to these interrogatories as premature insofar as they seek information pertaining to the merits of the litigation as opposed to class certification issues. Plaintiff responds that the "Class Discovery and Certification Case Management Order" entered on September 14, 2012 [Doc. # 28] does not prohibit merits discovery. Plaintiff further argues that the distinction between merits and class discovery is "arbitrary" because the two are frequently intertwined and that the information requested would show common questions of law or fact and is relevant to the issue of class certification under Fed.R.Civ.P. 23.

The class discovery case management order was preceded by the submission of a joint proposed scheduling plan in which the parties proposed a schedule for "[d]iscovery related to class certification issues." [Doc. # 26]. Thus, it was clearly the intent of the Court and the parties to limit the initial phase of discovery to class certification issues. The plaintiff's contention that merits discovery is not foreclosed by the case management order is disingenuous. At this stage of the litigation, the

parties may conduct discovery to produce information relevant to class certification issues only. "The scope of class certification discovery is determined by reference to Rule 23 which requires that plaintiffs show (1) numerosity, (2) commonality, (3) typicality, and (4) adequate representation. Accordingly, issues concerning the scope of discovery and the relevance of plaintiffs' individual production requests will be evaluated under the parameters set forth in Rule 23." Thompson v. Jiffy Lube Int'l, Inc., No. 05-1203-WEB, 2006 WL 1174040, at *2 (D. Kan. May 1, 2006).

Defendant has already produced the formula used to calculate the shop supply fee: 6% of the total labor amount, not to exceed $25. Defendant admits that the fee is not directly tied to supplies used on particular cars, and that part of the fee goes not to supplies, but to profit. This is how the fee is calculated every time it is charged. Plaintiff argues that she requires information on total revenue generated by the fee, costs incurred in purchasing supplies, and how those supplies were used when servicing specific cars, in order to deduce "the true character of the fee every time it is charged." But defendant has already openly disclosed "the true character of the fee." The information plaintiff seeks through the challenged interrogatories - revenue generated from the fee and costs incurred - relates to potential damages in this case. It will not supply plaintiff any additional guidance regarding commonality of factual and legal issues among the class.

### Requests for Production 17, 18, and 21

Request for Production 17 asks defendant to produce documents showing types and amount of costs defendant incurred from shop supplies. Request 18 demands documents showing the amount of revenue defendant received from charging customers the fee. Request 21 asks defendant to produce documents pertaining to the type of shop supplies covered by the fee, the quantity purchased per year of each

shop supply, and the price paid by defendant per year for each type of supply. The requests are limited in scope to the discovery time period and the state of Missouri. Defendant objects to these requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Request 21 as vague and ambiguous.

Plaintiff argues that these documents are relevant at the class certification stage because they may show common issues of law or fact. Again, the Court disagrees. The information plaintiff seeks is not probative on the issue of commonality. Therefore, defendant's objections will be sustained on the basis of relevance.

### Supplemental Discovery

Defendant already agreed to produce the supplemental documents plaintiff requested, and informed the Court that it produce these documents by February 28, 2013. Therefore, the order that plaintiff requests is unnecessary.

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. #32] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2013.