UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICIA TOBEN,                          )
                                         )
         Plaintiff,                      )
                                         )
    vs.                                  )        Case No. 4:11-CV-1834 (CEJ)
                                         )
BRIDGESTONE RETAIL OPERATIONS,           )
LLC., d/b/a FIRESTONE COMPLETE           )
AUTO CARE,                               )
                                         )
         Defendant.                      )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions to stay the disposition of defendant's summary judgment motion or to extend the briefing schedule pursuant to Fed.R.Civ.P. 56(d) until plaintiff has the opportunity to engage in discovery on the merits of her case.

### I.    Background

Plaintiff brings this action asserting a claim of violation of the Missouri Merchandising Practices Act, Mo. Rev Stat. §407.025, and a claim of money had and received. Plaintiff alleges that defendant committed an unfair or deceptive practice by charging customers a "shop supplies fee" unrelated to the actual supplies provided. She seeks certification of a class consisting of all Missouri citizens who were charged a "shop supplies fee" by defendant at any of defendant's stores in Missouri.

On June 3, 2013, plaintiff filed a motion for class certification, and defendant filed a motion for summary judgment. Plaintiff asserts that the motion for summary judgment is premature, because the current Case Management Order limits discovery to issues relevant to class certification and the Court has denied plaintiff's motions to

compel merits discovery.  Defendant responds that plaintiff has not identified any evidence that might be produced through merits discovery that would alter the Court's analysis of the motion for summary judgment.

## II.    Discussion

### A.    Consideration of Summary Judgment Prior to Class Certification

The Federal Rules of Civil Procedure do not forbid consideration of a summary judgment motion prior to the resolution of the issue of class certification.  <u>E.g.</u>, <u>Schweizier v. Trans. Union Corp.</u>, 136 F.3d 233, 239 (2d Cir. 1998) ("There is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification.");  <u>see also</u> <u>Scwend v. U.S. Bank, N.A.</u>, No. 4:10-CV-1590 (CDP), 2013 WL 686592, at *2-3 (E.D. Mo. Feb. 26, 2013) (granting summary judgment prior to class certification); <u>McCall v. Monro Muffler Brake, Inc.</u>, No. 4:10-CV-296 (JAR), 2013 WL 1282306, at *2 (E.D. Mo. Mar. 27, 2013) ("[I]t is appropriate to defer ruling on granting class certification, particularly where the class's claim is untenable.").  For the reasons discussed below, given the circumstances of this case, considering the motion for summary judgment before considering the motion for class certification serves the interests of efficiency and judicial economy.  <u>See</u> <u>Curtin v. United Airlines, Inc.</u>, 275 F.3d 88, 92 (D.C. Cir. 2001) (explaining circumstances under which consideration of summary judgment prior to class certification "spares both the parties and the court a needless, time-consuming inquiry into certification.").

### B.    Additional Discovery under Fed.R.Civ.P. 56(d)

Rule 56(d) "authorizes a district court to defer considering a motion for summary judgment if a party opposing the motion 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" <u>Chambers v. Travelers Cos., Inc.</u>, 668 F.3d 559, 568 (8th Cir. 2012) (quoting Fed.R.Civ.P. 56(d)). The party moving for delay and discovery under Rule 56(d) must set forth "specific facts that further discovery might uncover and show how those facts would rebut" the motion for summary judgment. <u>Id.</u>

Plaintiff filed an affidavit of her attorney, explaining that discovery is necessary to reveal the purpose of the shop supplies fee. Plaintiff argues that the fee is unrelated to the amount of supplies used in servicing the vehicle, and that, rather than exclusively covering overhead expenses, the fee also generates profit for defendant. Defendant readily admits this to the Court - and to its customers. Defendant's in-store wall signs state:

> TO OUR CUSTOMERS: A variety of shop supplies are consumed in servicing our customer's vehicles. Parts and labor necessary for servicing customer's vehicles are itemized on estimates and invoices. However, shop supplies (such as protective items for your vehicle, solvents, cleaners, rags, etc.) do not lend themselves to precise itemization. Therefore, on invoices greater than $30, an additional charge of 6% of the total labor amount, not to exceed $25 will be added to your invoice. This charge represents costs and profits...

Defendant's print advertising similarly explains: "Shop supply charges in the amount of 6% of labor charges will be added to invoices greater than $30. These charges will not exceed $25 *and represent costs and profits*." (emphasis added). Finally, customers are given estimates, itemizing the fee, before defendant begins to service their vehicles. The existence and content of these disclosures are undisputed, and confirm that the fee results in profit for defendant. Therefore, plaintiff can require no additional discovery to prove as much.

Defendant argues that it is entitled to summary judgment because the disclosures defeat any claim of fraud or misrepresentation. Whether the fee, coupled with these disclosures, is misleading is a question of law, and plaintiff's proposed merits discovery would not alter the Court's analysis. <u>McCall v. Monro Muffler Brake, Inc.</u>, No. 4:10-CV-269 (JAR), 2013 WL 1282306, at * 3 (E.D. Mo. Mar. 27, 2013) (finding that similar disclosures regarding a shop supplies fee charged at AutoTire were not misleading as a matter of law), *motion for reconsideration denied*, 2013 WL 3418089 (July 8, 2013).

Defendant also argues that it is entitled to summary judgment, because plaintiff never reviewed the fee disclosures prior to purchase, and therefore there is no causal connection between plaintiff's loss and the alleged deceptive practice. The additional merits discovery plaintiff desires would not influence the Court's analysis of this issue. <u>McCall</u>, 2013 WL 3418089, at *3 ("[N]o merits discovery would change the fact that neither of the named Plaintiffs reviewed the fee disclosures prior to purchase."). Accordingly, the Court will not allow plaintiff to conduct merits discovery prior to responding to defendant's motion.

\*     \*     \*     \*     \*

Because the plaintiff has failed to show that discovery on the merits is necessary to rebut defendant's motion for summary judgment, plaintiff's motions to delay briefing will be denied. The Court will allow plaintiff twenty-eight days from the date of this Order to respond to defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to stay briefing and resolution of defendant's motion for summary judgment pending resolution of plaintiff's motion for class certification [Doc. #47] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay briefing of defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56(d) [Doc. # 52] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to file a response to defendant's motion for summary judgment [Doc. #49] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **August 14, 2013** to file a response in opposition to the motion for summary judgment; defendant shall have until **August 28, 2013** to file a reply in support of the motion.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2013.