UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA TOBEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-1834 (CEJ) |
| BRIDGESTONE RETAIL OPERATIONS, LLC., d/b/a FIRESTONE COMPLETE AUTO CARE, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Bridgestone Retail Operations, LLC, for summary judgment. Plaintiff Patricia Toben responded in opposition to this motion, and the issues are fully briefed.

**I.   Background**

On December 8, 2007, plaintiff's daughter took plaintiff's vehicle to the Bridgestone Retail shop in Manchester, Missouri to have the tires replaced. Plaintiff's daughter received, and signed, an itemized initial estimate of the price to be charged, which included a "shop supplies fee" of $1.20. After the work was performed on the vehicle, plaintiff's daughter received and signed a retail sales invoice, which again included the fee of $1.20. The purpose of the fee is explained on signs posted in defendant's stores:

> TO OUR CUSTOMERS: A variety of shop supplies are consumed in servicing our customer's vehicles. Parts and labor necessary for servicing customer's vehicles are itemized on estimates and invoices. However, shop supplies (such as protective items for your vehicle, solvents, cleaners, rags, etc.) do not lend themselves to precise itemization. Therefore, on invoices greater than $30, an additional charge of 6% of the total labor amount, not to exceed $25 will be added to your invoice. This charge represents costs and profits Non-mandated disposal or recycling charges may also represent costs and profits.

Defendant's print advertising similarly explains: "Shop supply charges in the amount of 6% of labor charges will be added to invoices greater than $30.  These charges will not exceed $25 and represent costs and profits."  Neither plaintiff nor her daughter read any of the fee disclosures nor did they discuss the fee with anyone at Bridgestone.

Plaintiff alleges that defendant committed an unfair or deceptive practice by charging customers a "shop supplies fee" that is unrelated to the actual supplies provided to customers.  Plaintiff asserts claims under the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §407.010, *et seq.*, and money had and received. She seeks certification of a class of individuals charged the "shop supplies fee" at defendant's stores in Missouri.

## II.     Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  United of Omaha Life

Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III.  Discussion

#### A.  Missouri Merchandising Practices Act (MMPA)

The MMPA, Mo. Rev. Stat. §407.010, *et seq.*, was enacted to protect consumers and "to preserve fundamental honesty, fair play, and right dealings in public transactions." Scott v. Blue Springs Ford Sales, Inc., 215 S.W.3d 145, 160 (Mo. Ct. App. 2006). It prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce" as unlawful practices. Mo. Rev. Stat. § 407.020.1. To bring an action under the MMPA, one must suffer an "ascertainable loss… as a result of" an unlawful practice. Mo. Rev. Stat. § 407.025.1; see Owen v. Gen. Motors Corp., 533 F.3d 913, 922 (8th Cir. 2008) (explaining that causation is a necessary element of an MMPA claim).

The MMPA itself does not define "misrepresentation" or "deception." Instead, the Missouri Attorney General is charged with administering and enforcing the MMPA and has promulgated rules and regulations defining these terms. See Chochorowski v. Home Depot U.S.A., 404 S.W.3d 220, 226 (Mo. 2013) (*en banc*). "A misrepresentation is an assertion that is not in accord with the facts" and deception is defined as "any method, act, use, practice, advertisement or solicitation that has the

tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression." 15 C.S.R. § 60-9.070(1); 15 C.S.R. § 60-9.020 (1).  Ultimately, the MMPA requires courts to make case-by-case determinations of whether a defendant's conduct violates principles of fair dealing.  Huch v. Charter Commc'ns, Inc., 290 S.W.3d 721, 724 (Mo. 2009) (*en banc*) (citing State *ex rel.* Webster v. Areaco Inv. Co., 756 S.W.2d 633, 635 (Mo. Ct. App. 1988)).

Defendant argues that plaintiff's MMPA claim fails as a matter of law because charging the "shop supplies fee" does not constitute an unlawful practice under the statute.  Alternatively, defendant asserts that plaintiff's claim fails because she did not suffer a loss "as a result of" the practice and, thus, she cannot show proximate cause.  Because the Court finds that defendant did not engage in an unlawful practice under the MMPA, the Court need not address the issue of proximate cause.

Plaintiff contends that the "shop supplies fee" is misleading, deceptive, and unfair, because its name suggests that the entire fee goes towards supplies used in servicing a consumer's car.  Instead, as defendant's in-store signs and print advertising explain, the fee is not calculated based on the precise supplies used in servicing each car, because "shop supplies (such as protective items for your vehicle, solvents, cleaners, rags, etc.) do not lend themselves to precise itemization."  The signs explain the formula used to calculate the fee, and explicitly state that the fee represents costs  and profits.

The practice of charging the fee or calling the fee a "shop supplies fee," is not deceptive, misrepresentative, or unfair as a matter of law.  Defendant's disclosures regarding the method by which the fee is calculated and the reason for the fee are clear, simple, and straightforward.  The exact amount to be charged to each customer is disclosed prior to the servicing of the vehicle, and again after the service is

complete.  Plaintiff insists that "to be honest," the name of the fee must reference "profit."  See Pl. Memo. [Doc. # 63, p. 12].  While the MMPA requires honesty and candor, it does not require every item of merchandise, service, or fee that generates profit for a for-profit business to be titled as such.  Neither the denomination of the fee as a "shop supplies fee" nor the clear and conspicuous disclosures regarding the fee have the tendency to mislead consumers.  See McCall v. Monro Muffler Brake, Inc., No. 4:10-CV-269 (JAR), 2013 WL 1282306, at * 3 (E.D. Mo. Mar. 27, 2013) (rejecting an MMPA claim that a similar shop supplies fee charged at AutoTire was misleading), *motion for reconsideration denied*, 2013 WL 3418089 (July 8, 2013).  In the absence of an unlawful practice, plaintiff cannot prevail on her MMPA claim, and summary judgment on that claim will be granted.

      B.    Money Had and Received

"An action for money had and received is a very broad and flexible action, which seeks to reach monies which in equity and good conscience ought not to be retained by the defendant but ought to be paid to plaintiff.  It is a legal action but based upon equitable principles."  Alarcon v. Dickerson, 719 S.W.2d 458, 461 (Mo. Ct. App. 1986); Bueneman v. Zykan, 181 S.W.3d 105, 113 (Mo. Ct. App. 2005).  In order to state a claim of money had and received under Missouri law, a plaintiff must establish the following elements: "(1) that the defendant received or obtained possession of the plaintiff's money; (2) that the defendant thereby appreciated a benefit; and (3) that the defendant's acceptance and retention of the money was unjust."  Ward v. Luck, 242 S.W.3d 473,476 (Mo. Ct. App. 2008).

It is undisputed that the "shop supplies fee" was disclosed to plaintiff's daughter on the itemized estimate prior to, and on the invoice following, the servicing of plaintiff's vehicle.  Plaintiff or her daughter had the opportunity to learn more about

this fee by reading the posted signs or speaking to one of defendant's employees, but did not. The purpose of the fee and the manner in which it was calculated were openly disclosed to consumers. As discussed above, the fee was neither deceptive nor misleading, and the Court cannot find that defendant's retention of the fee was unjust. See McCall, 2013 WL 1282306, at *5 (rejecting a money had and received claim in a similar context and finding "nothing inequitable in the Defendants retaining the shop fees they charged Plaintiffs.").

* * *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #42] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file supplemental authority in support of its motion for summary judgment [Doc. #61] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2013.